196— Petition of Henry Chipman and Joseph W— 
Filed in Clks office June 30. 1829

Fraser Atto—

*To the Hon^{ble} William Woodbridge one of the Judges of the Supreme Court of the Territory of Michigan—*

The Petition of Henry Chipman and Joseph W. Seymour doing business under the firm of Chipman and Seymour— Respectfully Shew,

That a suit was instituted in the Circuit Court of Wayne County against your petitioner at the instance of James D— Bemis, in a plea of trespass on the case— That it was commenced by Summons, which was made returnable to the January term 1829 of said Circuit Court; and on the 4th of March thereafter the plaintiff by his attornies filed a Declaration in said cause, of which the annexed is a true Copy; That 25. May 1829. on the general rule day, the following entry was made by the plaintiffs attornies in the cause viz "On motion of Cole & Porter Plff's att^{ys} "Interlocutory Judgment for want of a plea and for assessment of damages"—

That without any other previous motion entry, order or rule (so far as the Records, Journals of Proceedings or Minutes of said Circuit Court can shew or disclose) Judgment was entered in the cause by the said Circuit Court on the 10th of June Instant in the following words: "The Clerk having assessed the damages in "this cause to four hundred and seventy one Dollars and eighty nine cents— on "motion of Cole & Porter attornies for plaintiff, Judgment rendered for that sum "and Costs of suit"—

That your petitioners are advised by Counsel and believe that there is manifest error in said Record, Proceedings, and in the rendition of said Judgment, in this, towit,

First— That the Interlocutory Office Judgment by default entered against your petitioner was not made absolute, and not perfected in due form of law—

Second— That the Clerk assessed the damages without any previous order for reference by the Court for that purpose.

Third— That it was not competent for the Clerk to assess damages under the several Counts stated in said Declaration—

For which, and for sundry other errors appearing on the record & proceedings aforesaid, your petitioners are advised that said Judgment ought to be reversed and held for nought —

They therefore pray for the allowance of a Writ of Error in the premises &^{c} & also a writ of Supersedeas—

Sworn to & subscribed before me this 29th HENRY CHIPMAN
June 1829— by Henry Chipman one of
the partners of the late firm of Chipman
& Seymour
 B. F. H. WITHERELL J. P. W. C. M. T.

Michigan towit

I allow the writ of Error above prayed for; Let the same issue and Recognizance with surety being given, according to law, let Supersedeas also issue, — Make the same returnable on the first day of the next Term——

June 30. 1829 W^{M} WOODBRIDGE

530

(Copy) Declaration James D Bemis against Chipman & Seymour filed 4th March 1829—

Wayne Circuit Court Of the Term of January Eighteen
hundred and Twenty nine——

Wayne County Ss

James D Bemis Plaintiff in this suit, complains of Henry Chipman & Joseph W Seymour doing business under the firm of Chipman & Seymour Defendants in this suit, who have severally caused their appearance to the summons in this case to be duly entered &<sup>c</sup> For that whereas the said defendants on the fourteenth day of July in the year one thousand eight hundred and twenty seven at Detroit, in the County of Wayne & within the Jurisdiction of this Court, made their certain promissory note in writing the name of said firm of Chipman & Seymour in the hand writing of one of said firm being thereto subscribed, bearing date the same day and year aforesaid, and then and there delivered the said note to the said plaintiff, and thereby for value recieved, promised to pay the said plaintiff by the name and description of James D Bemis, or order six months after the date of said note the sum of five hundred and twenty two Dollars 9/100 (nine cents meaning) with interest payable in Canandaigua (meaning the town of Canandaigua in the State of New York) By reason whereof and by force of the statute in such case made and provided, the said defendants became liable to pay the said plaintiff the sum of money mentioned in the said note according to the tenor and effect of the said note. And being so liable they the said defendants in consideration thereof afterwards, to wit, on the day and year last aforesaid, at the place and in the County aforesaid, undertook and faithfully promised the said plaintiff to pay him the said sum of money mentioned in said note according to the tenor and effect of the said note. And whereas also the before named defendants on the First day of October in they year of our Lord one thousand eighteen hundred and twenty eight a[t] the city of Detroit in the county aforesaid, were indebted to the said plaintiff in the sum of one Thousand dollars, money of account of the United States of America, as well as for divers goods, wares, & merchandize, by the said plaintiff before that time sold & delivered to the said defendants and at their special instance and request, as for work & labor care and diligence, of the said plaintiff by him before that time done, performed, and bestowed, in and about the business of the said defendants and for the said defendants at their like request; and for money by the said plaintiff before that time paid, and laid out, and expended, for the said defendants at their special instance and request; and for other money by the said defendants before that time had and recieved, to and for the use, of the said plaintiff; and for other money, by the said plaintiff before that time lent and advanced to the said defendants at their like request; and being so indebted, the said defendants in consideration thereof, afterwards, to wit, on the same day and year aforesaid, at the City and county aforesaid, undertook, and then and there faithfully promised the said plaintiff to pay him the said sum of money when they should be thereto afterwards requested. And whereas the said defendants afterwards, to wit on the same day and year last aforesaid, at the City and in the county aforesaid, counted together with the Said plaintiff of and concerning divers other sums of money, from the said defendants to the said plaintiff before that time due and owing, and then being in arrear and unpaid, and upon that account the said defendants were then and there found in arrear and indebted to the said plaintiff in other the sum of one Thousand Dollars like money as aforesaid;

and being so found in arrear and indebted, they the said defendants in consideration thereof, afterwards, to wit, on the day and year last aforesaid, at the town and in the county aforesaid, undertook, and then and there faithfully promised the said plaintiff to pay him the last mentioned sum of money when they should be thereto afterwards requested: Yet the said defendants (although often requested &c) have not yet paid the said Several sums of money, or any part thereof to the said plaintiff but to pay the same or any part thereof, to the said plaintiff have hitherto wholly refused, and still refuse to the damage of the said plaintiff of one Thousand Dollars and therefore he brings suit &c

(signed) Cole & Porter Attys

Wayne County Ss

James D Bemis puts in his place Henry S. Cole and Augustus S Porter his Attorneys against Henry Chipman and Joseph W Seymour in a plea of trespass on the case.

The Clerk of the Supreme Court will please issue a Writ of Error to the Circuit Court of Wayne County to remove the record & proceedings of the Cause within mentioned, returnable to the ensuing term of the Supreme Court—also a writ of supersedeas. Detroit 30th June 1829.

ALEXᴿ D. FRASER
Atty for plff in Error